1  JOSHUA E. KIRSCH (179110)
   GIBSON ROBB & LINDH LLP
2  201 Mission Street, Suite 2700
   San Francisco, California  94105
3  Telephone:  (415) 348-6000
   Facsimile:   (415) 348-6001
4  Email:         jkirsch@gibsonrobb.com

5  Attorneys for Plaintiff
   GREAT AMERICAN INSURANCE
6  COMPANY

7

8                   UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10

| 11 | GREAT AMERICAN INSURANCE COMPANY, a corporation; | ) ) | Case No.: 2:18-cv-09830 |
|---|---|---|---|
| 12 | | ) | **COMPLAINT FOR DAMAGE TO CARGO** |
| 13 | Plaintiff, | ) ) | |
| 14 | | ) | (Damages in the sum of $41,082.68) |
| 15 | v. | ) ) | |
| 16 | HAPAG-LLOYD (AMERICA) LLC d.b.a. HAPAG-LLOYD, a | ) ) | |
| 17 | corporation; HAPAG-LLOYD, AG HAMBURG, a corporation; and DOE | ) ) | |
| 18 | ONE through DOE TEN, | ) ) | |
| 19 | Defendants. | ) ) | |
| 20 | | ) | |

21       Plaintiff's complaint follows:

22       1.      Plaintiff GREAT AMERICAN INSURANCE COMPANY ("GAIC"),

23  is now, and at all times herein material was, a corporation duly organized and

24  existing by virtue of law.  Plaintiff was the insurer of the cargo that is the subject

25  of this action.

26       2.      Plaintiff is informed and believes, and on the basis of that information

27  and belief alleges that defendants HAPAG-LLOYD (AMERICA) LLC d.b.a.

28  HAPAG-LLOYD, a Delaware limited liability company, and HAPAG-LLOYD AS,

1  HAMBURG, a German corporation (collectively "HAPAG-LLOYD"), are now and
2  at all times herein material were engaged in business as common carriers for hire
3  within the United States and within this judicial district.

4       3.     The true names of defendants sued herein as DOE ONE through DOE
5  TEN, each of whom is or may be responsible for the events and matters herein
6  referred to, and each of whom caused or may have caused or contributed to the
7  damage herein complained of, are unknown to plaintiff, who therefore sues said
8  defendants by such fictitious names. Plaintiff will amend its complaint to show the
9  true names of said defendants when the same have been ascertained.

10      4.     Plaintiff's complaint contains a cause of action for damage to cargo
11 arising under a statute of the United States, namely the Carriage of Goods by Sea Act,
12 46 U.S.C. § 30701 et seq., and is therefore within the jurisdiction of this Court
13 pursuant to 28 U.S.C. § 1331, as more fully appears herein. Additionally, the Court
14 has admiralty jurisdiction pursuant to 28 U.S.C. § 1333. Venue is proper under 28
15 U.S.C. § 1391(b).

16      5.     This is a cause of action for damage to ocean cargo, and is an admiralty
17 and maritime claim within the meaning of Rule 9(h), Federal Rules of Civil
18 Procedure, as hereinafter more fully appears.

19      6.     Plaintiff is informed and believes and on the basis of such information
20 and belief alleges that on or about January 23, 2018, at Long Beach, California,
21 defendants received a cargo of 1,700 cartons of fresh onions for carriage under bill
22 of lading number HLCUBSC1801AWZR8, and others, issued by and/or on behalf of
23 said defendants. Defendants agreed, under contracts of carriage and in return for
24 good and valuable consideration, to carry said cargo by ocean from Long Beach to
25 the port of Balboa, Panama, and to deliver said cargo to the lawful holder of the
26 aforementioned bills of lading, and others, in the same good order, condition, and
27 quantity as when received. Defendants further promised and agreed to carry the cargo
28 at a temperature of 38 degrees Fahrenheit, but failed to do so.

1   7.   Thereafter, in breach of and in violation of said agreements, defendants did not deliver said cargo in the same good order, condition, and quantity as when received at Long Beach. To the contrary, defendants delivered the cargo damaged, in part or in whole due to the incorrect carriage temperature. The depreciation in value of the cargo due to said damage, including mitigation expenses, was $41,082.68, or another amount according to proof at trial.

8.   Prior to the shipment of the herein described cargo and prior to any loss thereto, plaintiff GAIC issued its policy of insurance whereby plaintiff GAIC agreed to indemnify the owner of said cargo, and its assigns, against loss of or damage to said cargo while in transit, and plaintiff GAIC has therefore become obligated to pay, and has paid to the person entitled to payment under said policy the sum of $41,082.68, on account of the herein described loss.

9.   Plaintiff has therefore been damaged in the sum of $41,082.68, or another amount according to proof at trial, no part of which has been paid, despite demand therefor.

WHEREFORE, plaintiff prays that this Court enter judgment in its favor and against defendants; that this Court decree payment by defendants to plaintiff in the sum of $41,082.68, together with prejudgment interest thereon and costs of suit herein; and that plaintiff have such other and further relief as in law and justice it may be entitled to receive.

Respectfully submitted,

Dated: November 21, 2018    GIBSON ROBB & LINDH LLP

/s/ JOSHUA E. KIRSCH
Joshua E. Kirsch
Attorneys for Plaintiff
GREAT AMERICAN INSURANCE COMPANY